2021 IL App (2d) 190116
No. 2-19-0116
Opinion filed May 7, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | Nos. 17-CF-1857 17-CF-2447 |
| v. | ) ) | |
| DARIUS MARTELL FOSTER, | ) ) | Honorable Randy Wilt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Hutchinson and Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Darius Martell Foster, pleaded guilty to attempted aggravated domestic battery (720 ILCS 5/8-4(a), (c)(4), 12-3.3(a-5) (West 2016)) and was sentenced to probation. His probation was revoked, and the trial court sentenced him to eight years of imprisonment and four years of mandatory supervised release (MSR). Defendant appeals, contending that the trial court erred by sentencing him to four years of MSR. We affirm as modified.

¶ 2                    I. BACKGROUND

¶ 3 On July 26, 2017, defendant was charged in two separate cases with aggravated domestic battery (*id.* § 12-3.3(a-5)) and misdemeanor domestic battery (*id.* § 12-3.2(a)(1)) following altercations with his wife. On February 20, 2018, defendant pleaded guilty to attempted aggravated

domestic battery, a Class 3 offense (*id.* §§ 8-4(a), (c)(4), 12-3.3(b)) and, per an agreement, was sentenced to 30 months' probation. The court ordered him to have no contact with his wife and refrain from using drugs or alcohol.

¶ 4    Approximately one month later, defendant was arrested following another incident with his wife. A urine test revealed that defendant had tetrahydrocannabinol (THC) in his system. The State petitioned to revoke defendant's probation, alleging that he had committed aggravated battery, contacted his wife, and had consumed alcohol or drugs.

¶ 5   Defendant agreed to admit to violating his probation by using THC. The State dismissed two new cases against him and agreed not to pursue its allegations that defendant violated his probation by battering his wife. The trial court sentenced defendant to eight years' of concurrent imprisonment for each case and imposed a four-year MSR term. The court denied defendant's motion to reconsider the sentence, and he timely appeals.

¶ 6                                    II. ANALYSIS

¶ 7   Defendant contends that the court erred by imposing a four-year MSR term. Defendant was convicted of attempted aggravated domestic battery, a Class 3 felony. See *id.* §§ 8-4(a), (c)(4), 12-3.3(a-5). Generally, the MSR term for a Class 3 felony is one year. 730 ILCS 5/5-8-1(d)(3) (West 2016). However, the court ordered the four-year MSR term per section 5-8-1(d)(6) of the Unified Code of Corrections (*id.* § 5-8-1(d)(6)), which provides that the MSR term shall be four years for a number of offenses including "felony domestic battery" and "aggravated domestic battery."

¶ 8    Defendant notes that his conviction of *attempted* aggravated battery is not an offense listedin section 5-8-1(d)(6). He maintains that, under the rule *expressio unius est exclusio alterius* andthe rule of lenity, the court could not impose a four-year MSR term for an offense not explicitly listed in section 5-8-1(d)(6).

¶ 9     The State first argues that defendant forfeited the issue by failing to object on that ground in the trial court. See *People v. Bannister*, 232 Ill. 2d 52, 76 (2008) (to preserve a sentencing claim for appeal, a defendant must make a contemporaneous objection at the sentencing hearing and raise the issue in a postsentencing motion). However, the plain-error rule allows a reviewing court to reach a forfeited claim in limited circumstances. *People v. Herron*, 215 Ill. 2d 167, 178 (2005). A defendant's claim that his sentence was unauthorized implicates substantial rights and thus is reviewable under the plain-error rule. *People v. Fort*, 2017 IL 118966, ¶ 19. Therefore, we reach the merits of defendant's claim.

¶ 10 The resolution of this issue depends on the meaning of section 5-8-1(d)(6). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, keeping in mind that the most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning. *People v. Young*, 2011 IL 111886, ¶ 11. Attempt is a separate offense under the Criminal Code of 2012. See 720 ILCS 5/8-4(a) (West 2016) ("A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense."). Section 5-8-1(d)(6) lists felony domestic battery and aggravated domestic battery as among the offenses to which a four- year MSR term applies, but the list does not include *attempt*. Thus, the statute's plain language does not authorize a four-year MSR term for attempted aggravated domestic battery.

¶ 11   To the extent the statute can be considered ambiguous, we reach the same conclusion. "The maxim *expressio unius est exclusio alterius* means ' "the expression of one thing is the exclusion of another." ' [Citations.]" *People v. Roberts*, 214 Ill. 2d 106, 117 (2005). The maxim is "based in logic and common sense and dictates that, where a statute lists the things to which it refers, it may be inferred that all omissions therefrom should be understood as exclusions." *In re Davontay A.*,

2013 IL App (2d) 120347, ¶ 28. Moreover, under the rule of lenity, ambiguous criminal statutes will generally be construed in the defendant's favor. *People v. Gutman*, 2011 IL 110338, ¶ 12. Both of these rules of statutory construction militate against imposing a four-year MSR term here.

¶ 12    In other statutes, the legislature has expressly included inchoate versions of offenses when it wished to do so. For example, the Sex Offender Registration Act expressly requires registration for those convicted of attempted sex crimes as well as those convicted of the completed offenses. See 730 ILCS 150/2(A)(1) (West 2016).

¶ 13 Defendant cites *People v. Bell*, 2020 IL App (4th) 170804. There, the defendant was convicted of attempted escape from a penal institution, which, as a Class 3 felony (see 720 ILCS 5/8-4(a), (c)(4), 31-6(a) (West 2012)), carried an MSR term of one year (730 ILCS 5/5-4.5-40(*l*) (West 2012)). On appeal, he argued, among other things, that the trial court erred by imposing the two-year MSR term applicable to the completed offense of escape, a Class 2 felony (720 ILCS 5/31-6(a) (West 2012); 730 ILCS 5/5-4.5-35(*l*) (West 2012)), rather than the one-year term applicable to the attempt. The reviewing court agreed, noting that the trial court has no discretion in imposing an MSR term and, absent some exception, was required to impose the one-year term applicable to a conviction of attempt. *Bell*, 2020 IL App (4th) 170804, ¶¶ 145-46.

¶ 14 The State argues, however, that section 5-8-1(d)(6) is just such an exception, providing a four-year term for anyone convicted of felony "domestic battery" regardless of the level of the offense or whether the offense was completed. The State argues that (1) sound policy reasons motivated the legislature to enhance the MSR period for those who commit domestic violence, and (2) those reasons do not cease to exist merely because the offender was not charged with the completed offense.

¶ 15  The problem with the State's argument is that the statute simply does not say that. We may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that the legislature did not express. *People v. Lewis*, 223 Ill. 2d 393, 402 (2006). Nor may we add provisions to a statute. *Id.* As noted, when the legislature wanted to include attempts in a list of included offenses, it has done so expressly.

¶ 16 The State cites *People v. McKinney*, 399 Ill. App. 3d 77 (2010). There, the defendant was convicted of robbery, a Class 2 felony (720 ILCS 5/18-1(b) (West 2006)). Due to his criminal history, however, he was sentenced as a Class X offender. We held that the trial court properly imposed the three-year MSR term appropriate for a Class X felony (730 ILCS 5/5-8-1(d)(1) (West 2006)), rather than the two-year term applicable to a Class 2 felony (*id.* § 5-8-1(d)(2)). *McKinney*, 399 Ill. App. 3d at 81-82.

¶ 17 *McKinney* does not help the State. Much like *Bell*, it holds that the sentencing class level— rather than the general classification of the offense—dictates the MSR term. Neither case involved an exception for specified offenses. Here, as noted, section 5-8-1(d)(6) expressly excepts certain offenses from the MSR terms that generally apply to offenses of those classes. However, attempted aggravated domestic violence is not one of those excepted offenses.

¶ 18  We need not reverse the judgment. Instead, we may amend the mittimus to reflect the proper MSR term. *People v. Jackson*, 2012 IL App (1st) 092833, ¶¶ 51-52. We do so here, to reflect a one-year MSR term.

¶ 19                                          III. CONCLUSION

¶ 20  As modified, we affirm the judgment of the circuit court of Winnebago County.

¶ 21 Affirmed as modified.

¶ 23

---

**No. 2-19-0116**

---

| | |
|---|---|
| **Cite as:** | *People v. Foster*, 2021 IL App (2d) 190116 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, Nos. 17-CF-1857, 17-CF-2447; the Hon. Randy Wilt, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Brian L. Josias, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---