NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230839-U

NO. 4-23-0839

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| ERIC L. STEWART, | ) | No. 23CF591 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE TURNER delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion by granting defendant pretrial release
          with enumerated conditions.

¶ 2        The State appeals the Rock Island County circuit court's September 19, 2023,
order granting defendant, Eric L. Stewart, pretrial release pursuant to article 110 of the Code of
Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/art. 110 (West 2022)), as amended
by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness
Act (Act).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the
Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18,
2023).  In its memorandum on appeal, the State asserts the court erred by finding (1) the
conditions it imposed could mitigate the danger posed by defendant to the safety of people in the

community and (2) the conditions of release would reasonably ensure defendant's appearance at later hearings and prevent defendant from being charged with another offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On July 31, 2023, the State charged defendant with two counts of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a)(1)-(2), (d)(1)(C) (West 2022)). Both counts alleged defendant was involved in a motor vehicle collision with Samir Khan resulting in great bodily harm to Khan, including fractures to his pelvis, arm, ribs, and scapula. Count I alleged defendant drove with a blood alcohol concentration of 0.08 or more, and count II alleged defendant drove while under the influence of alcohol. (The State later amended the charges to reflect the correct spelling of defendant's last name.) That same day, the circuit court set defendant's bond at $75,000, requiring a deposit of 10%. Defendant did not post bond and remained in detention.

¶ 5          On September 11, 2023, defendant filed a motion for pretrial release pursuant to section 110-7(b)(1) of the Procedure Code (725 ILCS 5/110-7.5(b)(1) (West 2022)), calling for the circuit court to immediately release him on the condition he appear before the court as ordered, submit himself to the orders of the court, not violate any criminal statute, and surrender all firearms. Three days later, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Procedure Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged defendant was charged with qualifying offenses, and defendant's pretrial release posed a real and present threat to the safety of any persons or the community. See 725 ILCS 5/110-6.1(a)(6.5)(C) (West 2022)). In support of its petition, the State further alleged defendant's disinterest in alcohol treatment and "untreated alcohol issues *** render the defendant a real and present threat to the safety of any person or persons or the community." The State's factual basis

was the following. On July 31, 2023, police officers were dispatched to an incident involving a bicyclist being struck by a car. Defendant was the driver of the car and was making a turn when he thought he had run over some traffic cones. When he realized what happened, he stopped his vehicle and remained at the scene. According to defendant, the bicyclist came out of nowhere. Defendant stated he had two bottles of Bud Light beer at his residence before leaving to go to his girlfriend's home. Defendant agreed to participate in field sobriety tests. After his performance on those tests, the police arrested him for DUI and transported him to the hospital for a blood draw. The victim was also transported to the hospital for treatment for his broken ribs, pelvis, arm, and scapula. Officers later learned the victim was transported to Iowa City, Iowa, for surgery.

¶ 6        On September 19, 2023, the circuit court held a detention hearing. The State noted it had tendered the police reports in its possession. It repeated the information in its petition for detention and noted defendant had two prior domestic batteries in Scott County and previous assault and public intoxication charges. Moreover, during his pretrial bond report interview, defendant stated he was not interested in alcohol treatment. Thus, the State asserted defendant's untreated alcohol issues along with the potential for him to commit further DUIs made him a threat to the community and supported its claim defendant should be detained on the detainable offenses. It further argued his previous crimes involved violence and the least restrictive alternative would be to detain him until trial.

¶ 7        Defense counsel noted the domestic abuse convictions were in Iowa and for assaults which did not involve touching. He further argued the results of defendant's blood test were not back yet, and thus it is unknown whether defendant was intoxicated. Defense counsel also pointed out defendant was 43 years old, remained at the scene, and had no prior DUIs.

Defendant scored a three on his risk assessment and works full-time. Additionally, defense counsel argued the circuit court could consider a multitude of conditions short of detaining defendant. Counsel noted the court could require defendant to obtain an alcohol evaluation, participate in alcohol treatment, not consume alcohol, and not drive a vehicle. When asked by the court, defendant stated he was willing to not go to places that primarily serve alcohol while on pretrial release.

¶ 8　　　　At the conclusion of the parties' arguments, the circuit court denied the State's verified petition and granted defendant's request for pretrial release. The court found aggravated DUI was a detainable offense, but it was difficult to say whether or not the proof was evident and the presumption great he committed a qualifying offense without the blood test results. However, even if that was proven, the court believed there were conditions that could be placed on defendant without continuing to detain him. The court, the parties, and the court services officer discussed the proper conditions that should be imposed on defendant. The conditions required defendant to do the following: (1) appear in court, (2) follow orders of the court, (3) not violate any criminal statute, (4) notify the clerk of court of any address change, (5) report to the Rock Island court services, (6) refrain from possessing a firearm or dangerous weapon, (7) refrain from entering any business that has the primary purpose of selling alcohol, (8) not indulge in any intoxicating substances, (9) be fitted with a global positioning system (GPS) device, (10) undergo an alcohol evaluation and treatment, (11) have no contact with Khan, and (12) not go outside Rock Island or Scott Counties.

¶ 9　　　　That same day, the State filed a timely notice of appeal under Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023). In the notice of appeal, the State left the relief requested lines blank and only checked boxes. The checked boxes asserted the circuit court

erred by (1) not finding the State showed by clear and convincing evidence that the presumption was great or the proof was evident defendant committed the charged offenses, (2) not finding the State showed by clear and convincing evidence defendant posed a real and present threat to any person or the community, (3) not finding the State showed by clear and convincing evidence that no condition of release or combination thereof could mitigate the danger posed by defendant to any person or the community, and (4) finding the conditions of release would reasonably ensure defendant's appearance at later hearings and prevent defendant from being charged with another offense. This court has jurisdiction of the State's appeal under Illinois Supreme Court Rule 604(h)(1)(iv) (eff. Sept. 18, 2023).

¶ 10                                    II. ANALYSIS

¶ 11            We initially comment on the delay in the issuance of this order. As a matter addressing an order denying a petition to deny pretrial release, this case is subject to expedited disposition under Illinois Supreme Court Rule 604(h)(5) (eff. Sept. 18, 2023). Under Rule 604(h)(5), "[a]fter the appellant has filed the Notice of Appeal, supporting record, and any memorandum and the time for filing any response and memorandum has expired, the Appellate Court shall consider and decide the appeal within 14 days, except the court may extend the deadline for good cause." Ill. S. Ct. R. 604(h)(5) (eff. Sept. 18, 2023). Although every effort was made to comply with the deadline under Rule 604(h)(5), due to concerns among the panel members requiring additional time, we find good cause for issuing our decision after the 14-day deadline.

¶ 12            On appeal, defendant did not file a responsive memorandum. Regardless, as our supreme court has noted, the two most important tasks of an appellate court panel when beginning the review of a case are to ascertain its jurisdiction and determine which issue or

- 5 -

issues, if any, have been forfeited. *People v. Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008). As such, we address the State's notice of appeal in this case, which did not list the relief requested and consisted of only checked boxes for the grounds for relief. The notice did not contain any additional information. We recognize Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023) provides "[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested." However, reviewing courts have found the noted deficiencies in the State's notice of appeal were not jurisdictional. *People v. Presley*, 2023 IL App (5th) 230970, ¶ 26; *People v. Wetzel-Connor*, 2023 IL App (2d) 230348-U, ¶¶ 17-18. Moreover, we find noncompliance with Rule 604(h)(2) does not justify dismissal of the appeal. Here, the notice of appeal was sufficient to put defendant on notice of what the State was appealing, and the State did file a memorandum explaining its contentions of error.

¶ 13 As to the merits of the appeal, the circuit court may deny a defendant pretrial release only if, upon verified petition, the State proves by clear and convincing evidence at a detention hearing, in pertinent part, (1) the proof is evident or the presumption great the defendant committed a detainable offense, (2) the defendant poses a threat to the safety of the community or any person in the community, and (3) no combination of conditions can mitigate the threat to the safety of the community. 725 ILCS 5/110-6.1(a), (e)(1)-(3) (West 2022). Moreover, section 110-5(a) of the Procedure Code (725 ILCS 5/110-5(a) (West 2022)) sets forth the matters to be considered in determining (1) which conditions of pretrial release, if any, will reasonably ensure the defendant's appearance as required or the safety of any person or the community and (2) the likelihood of the defendant's compliance with all the conditions of pretrial release. Section 110-5(b) of the Procedure Code (725 ILCS 5/110-5(b) (West 2022)) further allows the court to use a regularly validated risk assessment tool to aid in its

determination of appropriate conditions of release as provided under section 110-6.4 (725 ILCS 5/110-6.4 (West 2022)). The State has the burden to prove by clear and convincing evidence any condition of pretrial release is necessary. 725 ILCS 5/110-2(b) (West 2022).

¶ 14     This court reviews whether the circuit court's detention order was proper under the abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. A circuit court abuses its discretion when its decision is "arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 15     The State first contends the circuit court erred by finding a combination of conditions could mitigate the threat to the safety of the community posed by defendant. It argues the circumstances of this case and defendant's prior assault and intoxication charges demonstrate defendant's propensity to act in violent ways. However, based on the evidence presented, the court could have found defendant had only one prior offense involving physical harm to the victim and concluded defendant did not have a propensity to commit violent offenses. Additionally, this was defendant's first DUI charge, and thus the record contained no evidence indicating defendant had a propensity to drive under the influence. Based on the evidence presented at the detention hearing, we find the circuit court did not abuse its discretion by finding conditions could be imposed to mitigate defendant's threat to the safety of the community.

¶ 16     The State further argues the circuit court's conditions of pretrial release do not reasonably ensure the prevention of defendant committing subsequent offenses. Specifically, it notes the court did not impose any conditions restricting or limiting defendant's ability to operate a motor vehicle. However, the State never requested such a condition as an alternative to detention or when the conditions were discussed after the court found pretrial release was

appropriate. It is the State that bears the burden of proof on the necessity of a condition. Moreover, the pretrial release report contained the results of the risk assessment tool, which indicated defendant was a "low moderate" risk for committing another offense. As such, the State has failed to show the circuit court abused its discretion in imposing conditions of pretrial release for defendant.

¶ 17                        III. CONCLUSION

¶ 18           For all these reasons, we affirm the judgment of the Rock Island County circuit court.

¶ 19           Affirmed.