NOTICE
Decision filed 02/05/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231099

NO. 5-23-1099

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Washington County. |
| | ) | |
| v. | ) | No. 23-CF-86 |
| | ) | |
| MILTON E. ROBINSON, | ) | Honorable |
| | ) | Daniel J. Emge, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court, with opinion.
Justice Moore concurred in the judgment and opinion.
Presiding Justice Vaughan dissented, with opinion.

**OPINION**

¶ 1   The defendant, Milton E. Robinson, appeals the November 1, 2023, order of the circuit court of Washington County, granting the State's petition to deny pretrial release and ordering him detained. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] Because the defendant was arrested and detained prior to the date the Act went into effect, that portion of our decision regarding the timeliness of the State's petition to detain is relevant to only those defendants who were arrested and detained prior to the effective

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

date of the Act. For the following reasons, we affirm the circuit court's detention order of November 1, 2023.[2]

¶ 2                                    I. BACKGROUND

¶ 3    On July 25, 2023, the defendant was charged by information with three counts of committing the offense of first degree murder in violation of sections 9-1(a)(1) and 9-1(a)(2) of the Criminal Code of 2012 (720 ILCS 5/9-1(a)(1), (2) (West 2022)),[3] in Washington County. On the same day, the circuit court conducted a first appearance hearing, appointed counsel to represent the defendant, and set a bond hearing for July 27, 2023. Also, on July 25, 2023, a pretrial investigation report regarding the defendant was filed for the circuit court's consideration. On July 27, 2023, the circuit court conducted a bond hearing and set bond in the amount of $1 million, requiring a deposit of 10%. The circuit court also imposed additional conditions of release, including that the defendant (1) refrain from illicit drugs and alcohol use, be subject to random testing, and be required to report to pretrial services, (2) complete substance abuse and mental health evaluations, (3) follow any and all recommendations from those evaluations, and (4) have no contact with three named individuals. The defendant did not post monetary bail and remained in pretrial detention.

¶ 4    The Act became effective on September 18, 2023. See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before January 12, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

[3]On August 7, 2023, the State filed a bill of indictment alleging the same three counts and adding two more counts of first degree murder in violation of section 9-1(a)(3) of the Criminal Code of 2012 (720 ILCS 5/9-1(a)(3) (West 2022)).

effective date as September 18, 2023). Pretrial release is governed by the Act as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)).

¶ 5 Following discovery and several court appearances, the circuit court entered a written order on October 10, 2023, granting the State seven days to file a petition for pretrial detention. The circuit court also entered a docket entry on October 10, 2023, stating that the "Defendant requests the Court to reconsider his conditions of release." On October 11, 2023, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State's petition alleged that the proof was evident and the presumption great that the defendant had committed a qualifying offense listed in section 110-6.1(a) of the Code (*id.* § 110-6.1(a)) and that the defendant was charged with an offense under section 110-6.1(a)(1), (1.5) or (3) through (7) of the Code (*id.* § 110-6.1(a)(1), (1.5), (3)-(7)). The State's petition further alleged that the defendant posed a real and present threat to the safety of any person or persons or the community. Accordingly, the State requested that the circuit court deny the defendant's pretrial release.

¶ 6 The circuit court conducted a hearing on the State's petition on November 1, 2023,[4] and issued an order of detention the same day. The circuit court's detention order stated that the circuit court had already found that probable cause existed pursuant to a hearing under section 109-3 of the Code (*id.* § 109-3) or a grand jury had returned a true bill of indictment against the defendant. The circuit court further found, by clear and convincing evidence, that the defendant met the dangerousness standard, that the defendant posed a real and present threat to the safety of any person or persons or the community, and that no condition or combination of conditions could

---

[4]The circuit court's detention order incorrectly states that the circuit court conducted the hearing on the State's petition to detain on October 11, 2023, which is the date that the State's petition was filed; however, the report of proceedings demonstrates that the detention hearing was conducted on November 1, 2023.

mitigate the real and present threat to the safety of any person or person or the community. Accordingly, the circuit court granted the State's petition and ordered the defendant committed to the custody of the county jail.

¶ 7 On November 7, 2023, the defendant filed a timely notice of appeal utilizing the Notice of Pretrial Fairness Act Appeal 604(h) (Defendant as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023). The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant in this appeal. Rule 604(h)(2) provides that an appellant may file, but is not required to file, a memorandum within 21 days of the filing of the Rule 328 supporting record. As such, the defendant's memorandum was due on or before December 8, 2023. The defendant failed to file a memorandum prior to December 8, 2023; however, on December 14, 2023, the defendant's counsel filed a motion to file a Rule 604(h) memorandum, *instanter*, stating that the failure to file the memorandum was due to an administrative error. On December 15, 2023, this court granted the defendant's motion, and we will consider the defendant's memorandum.

¶ 8                                                     II. ANALYSIS

¶ 9 On appeal, the defendant argues that the circuit court erred when it granted the State's petition to detain because the State did not have the authority to file a petition to deny pretrial release due to the timing requirements of section 110-6.1(c)(1). 725 ILCS 5/110-6.1(c)(1) (West 2022). The defendant argues that, pursuant to section 110-6.1(c), a petition to detain must be filed at the first appearance or within 21 days of the defendant's release. *Id.* The defendant further argues that when no timely petition has been filed and a defendant has been held on an unpaid bond, the State lacks the authority to file a petition to detain, citing section 110-7.5(b), *People v. Vingara*, 2023 IL App (5th) 230698, and *People v. Rios*, 2023 IL App (5th) 230724. Accordingly, the defendant argues that this matter should be remanded to allow the defendant an opportunity to

4

choose between requesting a hearing on his conditions of release or remaining on his previous conditions of release, including the condition of monetary bond.

¶ 10     The defendant further argues that, although the above issue was not listed in the defendant's notice of appeal, it is not forfeited since there is nothing in the circuit court's admonishments following a detention hearing that would put the defendant on notice that omitting an issue from the notice of appeal would result in the forfeiture of that issue. In support of this argument, the defendant asks this court to compare the required admonishments set forth in Illinois Supreme Court Rule 605 (eff. Sept. 18, 2023). This argument, therefore, requires this court to interpret Rule 605, and presents a question of law that we review *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10. In doing so, we apply the same principles that govern statutory construction. *Id.*

¶ 11     It is well established that our primary goal in interpreting a rule is to ascertain and give effect to the drafters' intent, of which its language is the best indicator. *Id.* We consider the rule as a whole and give the words used by the drafters their plain and ordinary meaning, thereby ensuring that no part is rendered meaningless or superfluous. *Id.*; see also *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 16. We further do not depart from the plain language of the rule by reading into it any unexpressed exceptions, limitations, or conditions, and we presume that the drafters did not intend an absurd, inconvenient, or unjust result. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 12     If a rule's language is ambiguous such that the drafters' intent is not apparent from its face, this court may use tools of statutory construction to help determine the drafters' intent. See *People v. Roberts*, 214 Ill. 2d 106, 117 (2005); *People v. Foster*, 2021 IL App (2d) 190116, ¶ 11. One such tool of statutory construction is the maxim *expressio unius est exclusio alterius* (*expressio unius*); meaning, the expression of one thing is the exclusion of another. *Roberts*, 214 Ill. 2d at 117. *Expressio unius* maintains that if the drafters explicitly include certain language in one section

5

of a rule, the exclusion of that language in another section can be interpreted as intentional. See generally *Foster*, 2021 IL App (2d) 190116, ¶ 11.

¶ 13 Here, the defendant states that subsections (a)-(c) of Rule 605 all require that the circuit court advise a defendant that the failure to raise an issue or claim of error within a written motion filed in the circuit court would result in the forfeiture of that issue or claim of error on appeal. Ill. S. Ct. R. 605(a)(3)(C) (eff. Sept. 18, 2023) ("that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived"); *id.* § 605(b)(6) ("that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion *** shall be deemed waived"); id. § 605(c)(6) ("that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion *** shall be deemed waived").

¶ 14 The defendant argues that subsection (d) of Rule 605, which pertains to the entry of an order under the Act, states that the right to appeal an order under the Act will be preserved only if a notice of appeal under Rule 604(h) is filed. The defendant notes that subsection (d) does not contain any language regarding the forfeiture of any issue or claim of error. As such, the defendant argues that, since there is no admonishment requirement that would put a defendant on notice that omitting an issue from the notice of appeal would result in the forfeiture of that issue, all issues and claims of error are preserved by properly filing a notice of appeal under Rule 604(h). The State did not provide a response to this argument.

¶ 15 At this point, we find it relevant to note that the terms "forfeiture" and "wavier" have been used interchangeably, and often incorrectly, in criminal cases. *People v. Sophanavong*, 2020 IL 124337, ¶ 20. Each term relates to a specific manner in which a right may be relinquished. "Forfeiture" is defined as a procedural default for the failure to make a timely assertion of a right, and "waiver," on the other hand, is the intentional relinquishment or abandonment of a known

6

right. *Id.* Rule 605 uses the term "waiver" in subsections (a)-(c), since it is in regard to the rights that are known to the defendant having been admonished by the circuit court. In this matter, the defendant is arguing, and we are addressing, a "forfeiture" issue since the defendant failed to make a timely assertion of his right to raise an issue or claim within his notice of appeal.

¶ 16    The purpose of an admonishment is to inform the defendant concerning matters that have been deemed necessary to make a proper decision. See generally *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 16; *People v. Phillips*, 242 Ill. 2d 189, 200 (2011); *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). Our review of subsections (a)-(c) evinces that each of these sections require a specific written motion to be filed in order to perfect an appeal. The waiver language in subsections (a)-(c) of Rule 605 relates to the written motion and informs a defendant that the failure to raise an issue or claim of error within the written motion would deprive that defendant of a perfected appeal, and thus, the opportunity to raise the issue or claim of error on appeal would be waived. As such, the plain language of subsections (a)-(c) clearly states that waiver applies to the written motion since there is no mention of the notice of appeal within the waiver language.

¶ 17    Subsection (d) of Rule 605, however, does not require a written motion to perfect an appeal and only lists three admonishments that the circuit court is required to give a defendant following an order entered pursuant to the Act. Ill. S. Ct. R. 605(d) (eff. Sept. 18, 2023). Those admonishments are as follows:

> "(1) that the defendant has a right to appeal and, if indigent, to be furnished, without cost to the defendant, with a transcript or audiovisual communication or other electronic recording of the proceedings of the hearing;
>
> (2) that the defendant, if indigent, has the right to have counsel appointed on appeal; and

7

(3) that the right to appeal the order will be preserved only if a Notice of Appeal under Rule 604(h) is filed in the circuit court within 14 days from the date on which the order is entered." Ill. S. Ct. R. 605(d) (eff. Sept. 18, 2023).

¶ 18　Under e*xpressio unius*, we find that the drafters' language—which explicitly included a written motion and a waiver admonishment requirement in subsections (a)-(c) of Rule 605, while excluding that language in subsection (d)—to be intentional, as the drafters could have included such language in subsection (d) and did not do so. Since subsection (d) of Rule 605 contains no requirement for a written motion in order to perfect an appeal, there is no need of an admonishment to inform the defendant that failure to raise an issue or claim of error within the written motion would result in the waiver of that issue or claim of error. Further, this court cannot depart from the plain language of the rule by reading into it any unexpressed exceptions, limitations, or conditions. *Gorss*, 2022 IL 126464, ¶ 10. If this court would agree with the defendant's argument that a defendant must be admonished to include all issues or claims of error in the notice of appeal in order to avoid waiver, we would be reading into subsection (d) a condition not required by the rule; an action we are prohibited from performing.

¶ 19　Although subsection (d) of Rule 605 does not contain a waiver provision, it does require an admonishment that "the right to appeal the order will be preserved only if a Notice of Appeal under Rule 604(h) is filed in the circuit court within 14 days from the date on which the order is entered." Ill. S. Ct. R. 605(d)(3) (eff. Sept. 18, 2023). Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023) states that the notice of appeal shall describe the relief requested and the grounds for the relief requested. As such, an appellant's notice of appeal, taken in conjunction with the appellant's memorandum, must still contain "the relief requested and the ground for the relief requested" to avoid forfeiture. See *People v. Wetzel-Connor*, 2023 IL App (2d) 230348-U, ¶ 20 (defendant did not elaborate upon his grounds for requested relief in notice of appeal but opted to

8

file a memorandum describing those grounds, thus the court and the State were in receipt of the defendant's grounds for requested relief); *People v. Stewart*, 2024 IL App (4th) 230839-U, ¶ 12 ("notice of appeal was sufficient to put defendant on notice of what the State was appealing, and the State did file a memorandum explaining its contentions of error").

¶ 20    We further note that courts have generally held that the failure to object to an alleged error at the lower court level also forfeits the right to present that issue or claim of error on appeal. *People v. Carlson*, 79 Ill. 2d 564, 576 (1980). A criminal defendant who fails to object to an error has forfeited the error, precluding review of the error on appeal. *People v. Herron*, 215 Ill. 2d 167, 175 (2005). "The rationale behind this result is 'because failure to raise the issue at trial deprives the circuit court of an opportunity to correct the error, thereby wasting time and judicial resources.' " *People v. Presley*, 2023 IL App (5th) 230970, ¶ 28 (quoting *People v. Jackson*, 2022 IL 127256, ¶ 15). "This forfeiture rule also prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *Jackson*, 2022 IL 127256, ¶ 15. As such, although not subject to waiver, any issue or claim of error not properly objected to in the lower court and raised within the notice of appeal, taken in conjunction with any memorandum, remains subject to forfeiture.

¶ 21    In this matter, the defendant failed to object to the State's petition to detain and failed to raise the issue of timeliness of the State's petition in the circuit court. Thus, the defendant has forfeited this issue on appeal. Forfeiture, however, is a " 'limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 9 (quoting *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65). Given the recent enactment of the Act and the

9

developing case law, we elect to overlook the defendant's forfeiture of this issue but take no position on forfeiture in future cases.

¶ 22   We will now address the defendant's argument that the circuit court erred when it granted the State's petition to detain because the State did not have the authority to file a petition to deny pretrial release due to the timing requirements of section 110-6.1(c)(1). 725 ILCS 5/110-6.1(c)(1) (West 2022). The defendant is correct that this court has held in *Vingara*, 2023 IL App (5th) 230698, ¶ 18, and *Rios*, 2023 IL App (5th) 230724, ¶ 12, that when no timely petition has been filed and a defendant has been held on an unpaid bond, the State lacks the authority to file a petition to detain due to the timing requirements of section 110-6.1.

¶ 23   In this matter, however, the defendant, unlike the defendants in *Vingara* and *Rios*, had requested that the circuit court reconsider his conditions of release, as indicated by the circuit court's docket entry of October 10, 2023. There is no report of proceeding from the October 10, 2023, hearing within the record on appeal; nor was any bystander report or agreed statement of facts provided as allowed under Rule 323(a). Ill. S. Ct. R. 323(a) (eff. July 1, 2017). It has long been held that

> "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

"Any doubts which may rise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Pursuant to the directive in *Foutch*, this court must presume that defendant's request to "reconsider his conditions of release" on October 10, 2023, could only stem from section 110-7.5(b) requiring a hearing under section 110-5(e). 725 ILCS 5/110-7.5(b) (West 2022).

¶ 24    When a defendant requests reconsideration of his conditions of release, pursuant to the Code, "[a]t that point, 'the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' " (Internal quotation marks omitted.) *People v. Carter*, 2024 IL App (5th) 230977-U, ¶ 15 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23). Although the defendant argues that the State's petition was not timely pursuant to section 110-6.1(c)(1), this court has found that a petition to deny pretrial release—filed in response to a defendant's requests for reconsideration, modification, or removal of previously set conditions of pretrial release—falls with section 110-6(g) of the Code (725 ILCS 5/110-6(g) (West 2022)). See *Carter*, 2024 IL App (5th) 230977-U, ¶ 20; *People v. Cummings*, 2023 IL App (5th) 231001-U, ¶ 24; see also *Gray*, 2023 IL App (3d) 230435, ¶ 14.

¶ 25    Section 110-6(g) of the Code provides that "[t]he court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release, subject to the provisions in this subsection." 725 ILCS 5/110-6(g) (West 2022). Section 110-6 further provides that "[n]othing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 or subdivision (d)(2) of Section 110-6.1." *Id.* § 110-6(i). Therefore, the State's petition to deny pretrial release, filed in response to the defendant's request that the circuit court reconsider his previously set conditions of release, was properly filed and considered by the circuit court.

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, we affirm the November 1, 2023, detention order of the circuit court of Washington County.

¶ 28    Affirmed.

11

¶ 29    PRESIDING JUSTICE VAUGHAN, dissenting:

¶ 30    I agree with the majority's interpretation of Illinois Supreme Court Rules 604(h)(2) (eff. Oct. 19, 2023) and 605(d) (eff. Sept. 18, 2023). However, I disagree with the majority's finding that cases return to the " 'proverbial square one' " after a defendant moves for reconsideration of pretrial conditions (internal quotation marks omitted) (*People v. Carter*, 2024 IL App (5th) 230977-U, ¶ 15 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23)).

¶ 31    First, the *Jones* decision reached an opposite conclusion to that presented in *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16, and *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 23. See *Jones*, 2023 IL App (4th) 230837, ¶¶ 19-22 (respectfully disagreeing with the decisions in *Rios* and *Vingara* finding that the State's petitions were untimely filed). The decision in *Jones* specifically found that the State was *not* barred by the timing restrictions in section 110-6.1(c) and found "the statutory interpretation in *Vingara* and *Rios* leads to absurd results." *Id.* ¶¶ 20-21. The *Jones* court further stated that "the holdings in *Vingara* and *Rios* prevent the State from responding to a defendant's motion for pretrial release" (*id.* ¶ 23) and then goes on to presciently note the irreconcilability of the decisions by stating, "However, following the logic presented in those cases, once a defendant elects 'to have their pretrial conditions reviewed anew' [citation], the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments." *Id.* The *Jones* court clearly questioned the validity of the *Rios* and *Vingara* decisions, and therefore, my colleagues' reliance on *Jones*, or any other case quoting *Jones*, is confounding.

¶ 32    Second, I believe *Jones* incorrectly states that the case "goes back to the proverbial square one." While the State may argue for increased conditions of pretrial release when a defendant files a motion to modify pretrial conditions, the statute does not allow for the State to request detention as if the case were newly filed. The Act only allows the State to bring a verified petition requesting

12

detention "at the first appearance before a judge, or within the 21 calendar days *** after arrest and release of the defendant upon reasonable notice to defendant" (725 ILCS 5/110-6.1(c)(1) (West 2022)) or if the State presents "a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition" (*id.* § 110-6.1(d)(2)).

¶ 33    Section 110-6(g) allows a court to add or increase conditions of pretrial release (*id.* § 110-6(g)), but a request to detain is not, and cannot be, a condition of pretrial release. A "bail condition" is defined as "[a] limitation placed on the *grant* of a criminal defendant's bail." (Emphasis added.) Black's Law Dictionary (11th ed. 2019). Conversely, "detention" is defined as "[t]he act[,] or an instance of holding a person in custody; confinement or compulsory delay." *Id.* Our own and other appellate courts use "detention" or "denial of pretrial release" interchangeably. See *People v. Houts*, 2023 IL App (5th) 230715-U, ¶ 8; *Rios*, 2023 IL App (5th) 230724, ¶ 10; *Vingara*, 2023 IL App (5th) 230698, ¶ 16; *People v. Martin*, 2023 IL App (4th) 230826, ¶ 26; *People v. Robinson*, 2023 IL App (2d) 230345-U, ¶ 7; *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11 (citing section for denial of pretrial release but stating detention); *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 11 (same). Detention cannot be a condition of release when a defendant who is ordered detained could never be released under any condition. Detention is *not* the most restrictive condition of pretrial release; it is an outright denial of pretrial release.

¶ 34    My colleagues further overlook that section 110-6(g) allows the court to increase pretrial conditions only pursuant to a hearing under section 110-6. 725 ILCS 5/110-6(g) (West 2022). There are two types of hearings under section 110-6—revocation hearings (*id.* § 110-6(a)) and sanction hearings (*id.* § 110-6.1(b)-(d)). Neither apply here.

¶ 35    The State may file a petition to revoke pretrial release and request detention only where (1) a defendant was previously granted pretrial release for a felony or Class A misdemeanor and was later charged with a felony or Class A misdemeanor that occurred while defendant was on

13

pretrial release or (2) the defendant was previously provided pretrial release conditions and was subsequently charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter. *Id.* § 110-6(a). All other defendants *may not* have their pretrial release revoked, and the court's authority is limited to imposing sanctions for violations of pretrial release (*id.* § 110-6(b)-(d)), which include a written or verbal admonishment, a modification of defendant's pretrial conditions, or imprisonment in the county jail for a period not exceeding 30 days (*id.* § 110-6(f)). Since there is no allegation that defendant here committed a crime during pretrial release or violated any condition of his pretrial release, section 110-6(g) is inapplicable by its own terms.

¶ 36      What is important to note is that the State had the authority to request defendant's detention before the effective date of the Act. 725 ILCS 5/110-6.1(a) (West 2020). Here, by deciding not to file a petition requesting pretrial detention at defendant's first appearance, the State acquiesced in allowing defendant's pretrial release. To allow the State to later request detention in response to a defendant's motion to modify conditions of release—without some intervening event—has no basis in either the current or former statute. See *id*. § 110-6.1(a) (only allowing for verified petition by the State to deny bail if petition is filed at the first appearance or within 21 calendar days after defendant's arrest and release); 725 ILCS 5/110-6.1(c)(1) (West 2022) (same); 725 ILCS 5/110-6(f) (West 2020) (allowing for revocation of bail if defendant committed a forcible felony or Class 2 or greater offense under an Act related to controlled substances, cannabis, or methamphetamine, or statutorily listed charges involving aggravated battery and unlawful restraint against the same victim that is a family or household member of the previous charge); 725 ILCS 5/110-6(a) (West 2022) (allowing revocation of pretrial release for defendant who have been previously granted pretrial release for a felony or Class A misdemeanor and later charged with a felony or Class A

14

misdemeanor that occurred while defendant was on pretrial release or if the defendant was previously provided pretrial release conditions and is charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter).

¶ 37 As such, the "proverbial square one" is a misnomer. Timeliness for requesting a defendant's detention has, in modern times, always been required early in the case. 725 ILCS 5/110-6.1(a) (West 2022); 725 ILCS 5/110-6.1(a) (West 2020). Requesting detention, or a revocation of pretrial release conditions, is not a moving target that depends on whether the defendant later files for a modification of pretrial release conditions. The State's opportunity to determine whether it wishes to allow for pretrial release (which previously included bail) or to request defendant's detention is limited under both the current and prior statutes. Similarly, under both the prior and current statute, a petition to revoke pretrial release has always required an intervening event. Compare 725 ILCS 5/110-6(a) (West 2022); 725 ILCS 5/110-6(a) (West 2020).

¶ 38 Here, the State's petition requested denial of pretrial release under section 110-6.1. However, such petition was untimely under both *Vingara* and *Rios* because pretrial release conditions were established prior to the filing of the State's petition. *Vingara*, 2023 IL App (5th) 230698, ¶ 23; *Rios*, 2023 IL App (5th) 230724, ¶ 16. Moreover, the State could not meet any of the criteria required for revocation of those pretrial conditions under section 110-6(a). As stated above, a request to detain is not an increase in pretrial release conditions under section 110-6(g). Accordingly, I find the court's order denying pretrial release was contrary to law.

¶ 39 Although defendant forfeited this error, my colleagues decided it prudent to overlook defendant's forfeiture in this case. For the purposes of this case, I adhere to my colleagues' determination to overlook forfeiture but find the case should be reversed and remanded.

¶ 40 For these reasons, I dissent.

## *People v. Robinson*, 2024 IL App (5th) 231099

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Washington County, No. 23-CF-86; the Hon. Daniel J. Emge, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Jonathan Krieger, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |