2024 IL App (2d) 240255
No. 2-24-0255
Opinion filed July 11, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-654 |
| JUAN E. SERRATO-ZAVALA, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Jorgensen and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Juan E. Serrato-Zavala, appeals from the trial court's order granting the State's petition to deny him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Public Act 101-652 (eff. Jan. 1, 2023)). We vacate and remand for a hearing on appropriate conditions of release.

¶ 2                              I. BACKGROUND

¶ 3    On March 29, 2024, the defendant was arrested following a traffic stop. The following facts are drawn from the police synopsis, which was attached to the State's petition to deny pretrial release and formed the basis for its oral arguments at the hearing on that petition.

¶ 4    The defendant was seen at about 11:30 p.m. driving his vehicle in the dark and rain without headlights. After being pulled over, the defendant said that he had left his wallet at home and gave his name as Juan Zavala, born April 29, 1980. After investigating, the officer who pulled him over believed that his name was Juan Serrato-Zavala, born April 29, 1981 (one year later). His driver's license had been revoked.

¶ 5    The defendant was drowsy, fatigued, and disorganized, and he had glossy eyes and a sweaty forehead. There was an odor of alcohol. The defendant reported drinking one beer about six hours earlier and later taking two doses of Nyquil and one 300 milligram dose of gabapentin. He declined breath and field sobriety testing. The officer determined that the defendant had three prior convictions of driving while under the influence (DUI) and that his license had been revoked twice before. The prior revocations were still active. After his arrest, his wallet was found in his pocket; the defendant said that he forgot that it was there.

¶ 6    The defendant was charged with aggravated DUI as a fourth violation (625 ILCS 5/11-501(d)(1)(A), (2)(C) (West 2022)),[1] a Class 2 felony, and he was also charged with aggravated DUI without a valid driver's license (*id.* § 11-501(d)(1)(H)), aggravated DUI with a suspended or revoked driver's license (*id.* § 11-501(d)(1)(G)), and aggravated DUI without insurance (*id.* § 11-501(d)(1)(I)), all of which were Class 4 felonies. Lastly, was charged with driving with a

---

[1]Although the complaint cites section 11-501(a), section 11-501(d) actually applies to aggravated DUI charges.

suspended or revoked driver's license, third offense (*id.* § 6-303(a-3)), a Class 4 felony, and obstructing identification (720 ILCS 5/31-4.5(a) (West 2022)), a Class A misdemeanor. Only one of these charges potentially permitted the defendant to be detained while he awaited trial: the Class 2 felony aggravated DUI charge.

¶ 7     The State filed a petition to deny defendant pretrial release, attaching the police synopsis. During the hearing on its petition, the State asserted that the three prior DUI convictions were based on charges filed in 2001, 2003, and 2008. According to the State's verbal representations, the defendant was sentenced to 18 months of imprisonment as a result of his 2008 conviction. The defendant was also an undocumented immigrant. The State argued that the defendant's conduct showed that his pretrial release would pose a threat to the community. It also argued that because a prison term was mandatory for the Class 2 offense and the defendant had a valid passport, he was a flight risk.

¶ 8     In response, the defense argued that the State had not proved that the defendant had committed a detainable offense, because it did not submit any written record of the three prior DUI convictions. The defense also argued that the State had not shown that the defendant posed a threat to the community given that (a) he had no record of violent offenses and (b) his most recent DUI conviction was 15 years earlier. Nor had the State shown that the defendant was a flight risk: other than the fact that he faced mandatory prison time (a fact that would be true for many detainable offenses), there were no facts to suggest that the defendant would flee, and the mere fact that he had a passport was not probative. To the contrary, he had steady employment working 55-60 hours per week as a cable-TV and fiber-optic construction worker and he had a daughter in the area. Counsel noted that, to the extent that the charge of obstructing identification could be seen as relevant to whether the defendant would obey court orders, it was common for people with two

Spanish surnames to use only the last name (Zavala, rather than Serrato-Zavala) and the defendant had reported the date of his birth correctly, simply misstating the year.

¶ 9    The trial court ordered the defendant to be detained prior to trial, finding that "[e]veryone in the community is in danger from chronic drunk drivers" and that no conditions of release could mitigate the threat to the community, because "I don't know that there's any way that I can stop him from drinking or taking intoxicating compounds and driving a motor vehicle." The trial court stated that "imprisonment in jail" was the only way it could "guarantee" that the defendant would not take intoxicating compounds or drink and drive. The trial court also found that the defendant had "a high likelihood of willful flight to avoid prosecution" because he was facing mandatory imprisonment if convicted and had a passport. The defendant filed a timely notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11    Before considering the merits of the defendant's arguments, we must first address whether the defendant forfeited his primary argument here by failing to raise it earlier. The defendant's notice of appeal identified the same issues he raised before the trial court. In his appellate memorandum, however, the defendant raises a new argument about why the State did not show that he committed a detainable offense. Rather than arguing that the State failed to submit clear and convincing evidence of the predicate three prior DUI convictions, the defendant now argues that, as charged, the Class 2 felony aggravated DUI charge he is facing is not a detainable offense under the language of section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 12    The State contends that we should not address the new argument, as the defendant forfeited it by failing to raise it before the trial court. The defendant argues that we should overlook any forfeiture in the interests of justice, because, as pretrial detention proceedings are highly expedited, any failure to raise a viable argument could be considered ineffective assistance of counsel and he was not admonished that the failure to raise arguments below could result in forfeiture.

¶ 13    Following the path taken in *People v. Robinson*, 2024 IL App (5th) 231099, ¶ 21, we find that the argument was forfeited but that, in this instance, the forfeiture should be overlooked. As the *Robinson* court noted, forfeiture is a limitation on the parties, not the reviewing court. *Id.* "Reviewing courts may look beyond considerations of forfeiture to maintain a sound and uniform body of precedent or where the interests of justice so require." *People v. Jackson*, 2020 IL 124112, ¶ 118. Here, if the defendant's new argument has merit, the strict enforcement of forfeiture could result in the continued pretrial detention of a person who has not committed an offense that qualifies for such detention. Considerations of judicial economy also support overlooking the forfeiture, as the defendant could potentially raise this argument at a future court appearance (see *People v. Harris*, 2024 IL App (2d) 240070, ¶ 27) and then appeal any unfavorable determination, which would take time and needlessly duplicate the arguments already raised. For all of these reasons, we choose to consider the issue belatedly raised by the defendant.

¶ 14    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may be denied only in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e). One of the requirements for pretrial detention is that the State bears the burden to prove, by clear and convincing evidence, that "the proof is evident or the presumption great that the defendant has committed" a detainable offense. *Id.* § 110-6.1(e)(1).

¶ 15    Section 110-6.1(a) of the Code (*id.* § 110-6.1(a)) contains 10 subsections specifying which offenses are detainable and under which circumstances. The State contends that the defendant is detainable under section 110-6.1(a)(1). That provision states in pertinent part that a defendant may be denied pretrial release if "the defendant is charged with a felony offense other than a forcible felony for which, based on the charge or the defendant's criminal history, a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by

law upon conviction." *Id.* § 110-6.1(a)(1). Thus, to constitute a detainable offense, the felony offense with which the defendant is charged must be one for which imprisonment is mandatory and probation, conditional discharge, and periodic imprisonment are statutorily unavailable.

¶ 16 It is undisputed that the defendant is charged with a felony (aggravated DUI as a fourth violation) that is not a forcible felony. The question is whether the statute under which the defendant is charged requires "a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge" if the defendant is convicted. *Id.* The defendant contends that his Class 2 aggravated DUI charge does not fall within the scope of this definition because, although the DUI statute provides that probation and conditional discharge are not possible sentences, it does not exclude a sentence of periodic imprisonment.

¶ 17 The resolution of this argument requires us to construe the statutes at issue, a task that we approach *de novo*. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 26. In construing a statute, our task is to "ascertain and give effect to the legislature's intent." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41. The best indicator of the legislature's intent is the plain language of the statute. *Id.* "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003).

¶ 18 The offenses of DUI and aggravated DUI are defined in section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501 (West 2022)). Under subsections (d)(2)(A) and (d)(2)(C), someone convicted of aggravated driving under the influence of any combination of alcohol, other drugs, or intoxicating compounds is guilty of a Class 4 felony, but a fourth DUI "is a Class 2 felony, for which *a sentence of probation or conditional discharge may not be imposed*" (emphasis added.) *Id.* § 11-501(d)(2)(A), (d)(2)(C). The language of this statutory provision is clear: it prohibits sentences of probation and conditional discharge, but *does not prohibit a sentence of periodic imprisonment.*

¶ 19 We cannot depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that the legislature did not intend. *In re Michael D.*, 2015 IL 119178, ¶ 9. Nor may we, under the guise of divining "what the legislature really meant" by adopting certain statutory language, ignore the plain meaning of the words chosen by the legislature. See *id.* (statutory language must be afforded its plain and ordinary meaning, and where the language is clear and unambiguous we must apply the statute without resort to further aids of statutory construction). Thus, we must accept the plain language of section 11-501(d)(2)(C) of the Illinois Vehicle Code, which permits the imposition of periodic imprisonment.

¶ 20 The language of section 110-6.1(a)(1) of the Code is equally clear: to constitute a detainable offense, the felony offense with which the defendant is charged must mandate imprisonment and may not permit periodic imprisonment (or probation or conditional discharge). 725 ILCS 5/110-6.1(a)(1) (West 2022). Applying these two statutes together, the defendant's charge of Class 2 felony aggravated DUI based on a fourth violation is not a detainable offense because a sentence of periodic imprisonment is permissible. Thus, he cannot be detained prior to trial on the basis of this charge.

¶ 21 Notably, the State's appellate memorandum does not even attempt to argue for a different statutory interpretation. Instead, it relies almost entirely on forfeiture, which we have declined to enforce under the circumstances present here. The State does raise one additional argument, however; it urges that we can affirm on any basis supported by the record (*Vaughn v. City of Carbondale*, 2016 IL 119181, ¶ 44) and it contends that, even if the charged offense does not qualify under subsection (a)(1) of section 110-6.1, it could qualify as a detainable offense under subsection (a)(1.5) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The residual clause of subsection (a)(1.5) allows pretrial detention where someone is charged with a felony that, "based on the

specific articulable facts of the case," involves "the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.*

¶ 22    The State did not raise this argument until its memorandum in response to the defendant's appellate memorandum, and the defendant has had no opportunity to reply to it. Thus, we would ordinarily find the argument forfeited. Even on its merits, however, the argument must fail. The State's evidence that the defendant committed a detainable offense must be clear and convincing. *Id.* § 110-6.1(e)(1). But there is no evidence that the defendant's conduct actually caused anyone great bodily harm, permanent disability, or disfigurement. As for the "threat" of great bodily harm, the assessment of whether the defendant's conduct posed such a threat must be evaluated in light of the actual circumstances of the alleged conduct, not simply whether that conduct *could have* posed a threat in some other circumstances. See *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 22 (the allegation that defendant unsuccessfully attempted to bite a police officer, where there was no indication of whether the circumstances would have permitted her to actually inflict great bodily harm or even make contact, was insufficient to find charged offense detainable under section 110-6.1(a)(1.5)). Here, the police synopsis stated only that the defendant was observed driving at about 11:30 p.m. without headlights. It did not describe any dangerous driving such as swerving, drifting, red-light running, or erratic speed. Nor was there any indication of how the roadway was lit or whether other traffic or pedestrians were present. Of course, such descriptions are not necessarily required in cases where the impact of the defendant's conduct is clear. In this case, however, the State failed to show by clear and convincing evidence that the defendant's conduct of driving without headlights, standing alone, threatened great bodily harm to someone. We accordingly reject its argument that section 110-6.1(a)(1.5) provides an alternate basis for the trial court's finding that the defendant was charged with a detainable offense.

¶ 23    A defendant may not be detained pretrial unless he or she is charged with a detainable offense. See 725 ILCS 5/110-6.1(a) (West 2022) (trial court may deny an accused pretrial release *only if* he or she is charged with one of the offenses set out in that section of the statute). As that requirement is not met here, we must vacate the pretrial detention order. We need not address the defendant's remaining arguments.

¶ 24                                    III. CONCLUSION

¶ 25    The pretrial detention order of the circuit court of Kane County is vacated and the cause is remanded for a hearing to determine appropriate conditions of release for the defendant.

¶ 26    Vacated and remanded.

---

*People v. Serrato Zavala*, **2024 IL App (2d) 240255**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 24-CF-654; the Hon. John A. Barsanti, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Michael H. Orenstein, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |

---