2024 IL App (3d) 240244

Opinion filed July 22, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0244 Circuit No. 23-CF-660 |
| STEVEN L. DAVIS, | ) ) ) | Honorable Sarah F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Justices Brennan and Albrecht concurred in the judgment and opinion

_____

**OPINION**

¶ 1        Defendant, Steven L. Davis, appeals the circuit court's order denying him pretrial release.

He contends the State did not (1) charge him with a detainable offense and (2) prove by clear and

convincing evidence that no conditions of release could mitigate the danger he posed to the

community.

¶ 2        We agree with defendant's first contention. The felony charge that purportedly subjected

defendant to pretrial detention—disorderly conduct based on defendant knowingly transmitting a

false report that a crime would be committed (720 ILCS 5/26-1(a)(4), (b) (West 2022))—is not a

forcible felony as that term is defined in section 110-6.1(a)(1.5) of the Code of Criminal Procedure

of 1963 (Code) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). So, we vacate the court's order and remand the matter for a hearing on appropriate conditions of release.

¶ 3                                    I. BACKGROUND

¶ 4        In April 2023, a grand jury indicted defendant on two counts of disorderly conduct (Class 4 felony and Class C misdemeanor) (720 ILCS 5/26-1(a)(1), (a)(4), (b) (West 2022)) and harassment by telephone (Class B misdemeanor) (*id.* §§ 26.5-2(a)(2), 26.5-5(a)). The felony disorderly conduct charge alleged defendant, on April 4, 2023,

> "transmitted in any manner to Memmarie Carpenter, a public employee, a report to the effect that an offense would be committed, to wit: that the defendant would come to the Social Security Administration Office and blow it up, knowing at the time of the transmission that there was no reasonable ground for believing that the offense would be committed." See *id.* § 26-1(a)(4).

The court set defendant's bail at $50,000. Defendant did not post.

¶ 5        In March 2024, defendant sought pretrial release. In response, the State petitioned, under section 110-6.1(a)(1.5) of the Code, to deny defendant pretrial release. The State alleged defendant posed a real and present threat to the safety of any person or persons or the community and was charged with a forcible felony—specifically, a felony which involved the threat of or infliction of great bodily harm or permanent disability or disfigurement.

¶ 6        The State's petition set forth the following factual basis. Around 10:05 a.m. on April 4, 2023, defendant called the Social Security Administration office in Joliet and spoke with Carpenter, who worked at the office. Defendant was "very upset" and "wanted answers about a check." Defendant did not like the answers he received and began screaming and using foul

2

language. Defendant said he was from Chicago and not Joliet, called Carpenter stupid, and said he "can't stand the Joliet office."

¶ 7 Carpenter hung up, and defendant called back. Defendant began yelling when he heard Carpenter's voice. Defendant told Carpenter he "was getting tired of the Joliet Office." He said, "ya'll going to make me come up there and do something ya'll don't want." Defendant went on to say, "I will come up there and blow that place up. I'm from Chicago, I'm not from Joliet."

¶ 8 In January 2024, defendant sent a letter to the Social Security Administration Office, discussing the facts of this case.

¶ 9 A pretrial risk assessment indicated defendant was an "extremely high risk." Defendant had a pending charge for battery in Will County. He had convictions for battery, aggravated assault, harassment, criminal trespass, manufacturing or delivery of cannabis, domestic battery, resisting a peace officer, burglary, and driving under the influence of alcohol.

¶ 10 At the hearing, the State proffered the above factual basis and defendant's criminal history. The State noted defendant was on conditional discharge at the time he committed the offense in this case. Defendant had conditional discharge revoked in another case and had been noncompliant with the court's order for mental health treatment. The State indicated defendant had previously gone to a car dealership to make a complaint. He became irate, yelled, and struck the victim on the right side of the neck with a closed fist. The State noted defendant had a pending battery case, the facts of which showed he went into a Walgreens, became irate about medications, started yelling, and threw a plexiglass stand off the counter, hitting the victim employee's foot. The State also mentioned defendant's prior conviction for telephone harassment, in which he called and threatened to kill an insurance company employee. Defendant continued to reach out to the Social Security Administration Office. The State urged the court to deny defendant's request for release

3

in light of the totality of the facts of the case, defendant's background, and his mental health history.

¶ 11        Defense counsel argued there were no reasonable grounds to believe defendant would have acted on his threat, noting the indictment stated defendant knew there were no reasonable grounds to believe he would carry out the threat. The court asked counsel to suggest conditions for release. Counsel proposed no contact with the Social Security Administration office. The court asked where defendant would live if he was released. Counsel stated defendant would have to stay in a shelter, but she did not know where he would reside. He did not have any family that would take him in. The court indicated it wanted to review the case and took the matter under advisement.

¶ 12        At the next hearing, the court announced its ruling:

"Having heard arguments, suggestions of counsel, show that the Court finds that the State has sustained their [*sic*] burden by clear and convincing evidence that [defendant's] pretrial release poses a real and present threat to the safety of any person or persons in the community, and no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons of the community."

¶ 13        Defendant timely filed a notice of appeal, utilizing the form in the article VI forms appendix to the Illinois Supreme Court rules. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023); Ill. S. Ct. Rs. Art. VI Forms Appendix R. 604(h) (defendant as appellant). He checked the boxes next to the following preprinted contentions: (1) the State failed to prove defendant posed a real and present threat to the safety of any person or persons or the community, (2) the State failed to prove no condition or combination of conditions could mitigate the threat posed by defendant's release, and (3) the court erred in its determination that no condition or combination of conditions would reasonably ensure defendant's appearance at future hearings or prevent him from being charged with a subsequent

4

felony or Class A misdemeanor. Defendant did not check the boxes next to the preprinted contentions that (1) he was not charged with an offense qualifying for denial of pretrial release, or (2) the State failed to prove the proof was evident or the presumption great that defendant committed the charged offense.

¶ 14                                    II. ANALYSIS

¶ 15        On appeal, defendant filed a memorandum, arguing the State (1) did not charge him with a detainable offense and (2) failed to prove there were no conditions to mitigate any risk posed by defendant's release. We review the circuit court's factual findings against the manifest weight of the evidence, and we review its ultimate determination for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination was unreasonable. *Id.* And to the extent defendant's argument raises a question of statutory construction, our review is *de novo*. *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 17.

¶ 16        We first address defendant's failure to raise whether he was charged with a detainable offense in his notice of appeal. "[I]ssues not fairly raised through a liberal construction of a defendant's notice of appeal are forfeited." *People v. Gatlin*, 2024 IL App (4th) 231199, ¶ 13. Defendant's notice of appeal raised nothing that can be liberally construed as challenging whether the State charged him with a detainable offense. Rather, it focused on the State's proof of defendant's dangerousness, whether any conditions could mitigate that threat, and the court's conclusion that no conditions could ensure defendant's future appearances or prevent him from committing subsequent offenses. Thus, defendant forfeited his contention that he was not charged with a detainable offense.

¶ 17        Forfeiture, however, is a limitation on the parties, not this court. *People v. Serrato-Zavala*, 2024 IL App (2d) 240255, ¶ 13; *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 9. We first note

5

one purpose of the forfeiture rule is to encourage parties to give the circuit court an opportunity to correct an error before an appeal is taken, thus conserving time and judicial resources. See *People v. McLaurin*, 235 Ill. 2d 478, 488 (2009). Though defense counsel did not articulate precisely the argument urged on appeal, she did argue the offense as charged did not threaten or inflict great bodily harm or permanent disability or disfigurement. This is the basis defendant offers on appeal for why the charged offense is not a detainable forcible felony. We have discretion to relax the principles of procedural default in appropriate circumstances, such as to reach a just result or maintain a sound body of precedent. *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 94. Here, we elect to excuse defendant's forfeiture because the issue is one of first impression and, if defendant's argument has merit, he would remain in pretrial detention, despite having not committed a detainable offense. See *Serrato-Zavala*, 2024 IL App (2d) 240255, ¶ 13.

¶ 18        Under the Code, everyone charged with an offense is eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). If the State charges a defendant with a qualifying—that is, detainable—offense, the State may petition the circuit court to deny the defendant pretrial release. *Id.* § 110-6.1(a). The State then must prove by clear and convincing evidence, among other things, the proof is evident or presumption great that defendant committed a detainable offense. *Id.* § 110-6.1(e)(1).

¶ 19        Section 110-6.1(a) of the Code (*id.* § 110-6.1(a)) specifies which offenses are detainable and under what circumstances. Here, the State proceeded under section 110-6.1(a)(1.5), which states the circuit court may deny a defendant pretrial release only if

> "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, *and* the defendant *is charged with* a forcible felony, which as used in this Section, means treason,

6

first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or *any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement.*" (Emphases added.) *Id.* § 110-6.1(a)(1.5).

¶ 20    The plain text of section 110-6.1(a)(1.5) dictates that, when determining whether a defendant was charged with a forcible felony, courts must look to the offense the State actually charged. *Id.*; see *People v. Challans*, 2024 IL App (5th) 240353, ¶ 12 (rejecting the State's argument that the defendant *could have been charged* with certain detainable offenses and instead focusing on the offense actually charged). Further, the specific facts and details of the charged offense matter when considering whether the defendant's conduct falls within the definition of a forcible felony under section 110-6.1(a)(1.5). *Minssen*, 2024 IL App (4th) 231198, ¶¶ 22-23; see *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 10.

¶ 21    Looking at the charged offense and the facts of this case, we conclude defendant did not commit a detainable offense. The State proceeded under the theory that the felony disorderly conduct charge "involve[d] the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). The State charged defendant with disorderly conduct under section 26-1(a)(4) of the Criminal Code of 2012, which provides a person commits disorderly conduct when he or she knowingly "[t]ransmits *** to any *** public employee *a report* to the effect that an offense will be committed, *** *knowing at the time of the*

*transmission that there is no reasonable ground for believing that the offense will be committed.*"
(Emphasis added.) 720 ILCS 5/26-1(a)(4) (West 2022); see *id.* § 26-1(b) (classifying a violation
of subsection (a)(4) as a Class 4 felony). Essentially, section 26-1(a)(4) of the Criminal Code of
2012 criminalizes transmitting *a false report* that a crime will be committed, not transmitting a
threat.

¶ 22        In this case, the State alleged defendant *reported* a future crime—that he would "blow ***
up" the Joliet Social Security Administration Office—while knowing he had no reasonable
grounds to believe the reported crime would be committed. Of course, defendant's conduct did not
inflict great bodily harm or permanent disability or disfigurement. This case thus turns on whether
the State charged defendant with an offense which involves the *threat* of great bodily harm or
permanent disability or disfigurement.

¶ 23        To be sure, the future crime defendant reported, if completed, would threaten—if not
inflict—great bodily harm and/or permanent disability or disfigurement upon anyone in the
vicinity of the office. But, *as charged in the indictment* (see *Challans*, 2024 IL App (5th) 240353,
¶ 12), defendant did not threaten great bodily harm or permanent disability or disfigurement;
rather, he made a *false report* that a crime would be committed. By definition, a knowingly false
report is not a threat and therefore does not "involve[ ] the threat of *** great bodily harm or
permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022).

¶ 24        In sum, the charge in this case was not a forcible felony as that term is defined in section
110-6.1(a)(1.5) of the Code. The charged offense did not involve the threat of or infliction of great
bodily harm or permanent disability or disfigurement. As such, the State did not charge defendant
with a detainable offense. Accordingly, we vacate the circuit court's pretrial detention order and
remand the matter for a hearing on appropriate conditions of release.

## III. CONCLUSION

For the reasons stated, we vacate the pretrial detention order of the circuit court of Will County and remand for further proceedings.

Vacated and remanded.

*People v. Davis*, 2024 IL App (3d) 240244

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 23-CF-660; the Hon. Sarah F. Jones, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Deborah K. Pugh, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |