2025 IL App (1st) 242156-U

No. 1-24-2156B

Order filed February 5, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 8506 |
| | ) | |
| JERRELL GREEN, | ) | Honorable |
| | ) | Mary A. Planey, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justice D.B. Walker concurred in the judgment.
Justice Reyes specially concurred.

**ORDER**

¶ 1    *Held*:  The judgment of the trial court granting the State's petition for pretrial detention and subsequently denying defendant's Rule 604(h) motion for relief is affirmed.

¶ 2    Defendant Jerrell Green appeals the trial court's order that denied him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as well as the denial of his Rule 604(h) motion for relief. Defendant is charged with possession of a stolen motor vehicle, aggravated possession of a motor vehicle, resisting or

obstructing a peace officer, criminal damage to government supported property, and aggravated assault of a peace officer. He challenges the trial court's finding that aggravated assault of a peace officer is a detainable offense, as well as the trial court's finding that pretrial detention was justified.

¶ 3    For the reasons that follow, we affirm the judgment of the trial court.

¶ 4                                I. BACKGROUND

¶ 5    On August 18, 2024, the State filed a petition for pretrial detention, alleging that aggravated assault was a forcible felony as defined by the Code and therefore a detainable offense, and that defendant poses a real and present threat to the safety of any person or the community and that he has a high likelihood of willful flight to avoid prosecution. The trial court held a hearing on the State's petition the same day.

¶ 6    As contemplated by the Code, the State provided the following factual proffer in support of its petition. On August 16, 2024, at approximately 5:30 p.m., Chicago police officers observed a 2014 Dodge Durango that matched the description of a vehicle that had been reported stolen and that was wanted for a potential homicide investigation. Officers attempted to curb the vehicle, however, the vehicle did not stop and instead fled down an alleyway and crashed into a dumpster. The officers pulled their patrol vehicle behind the Durango, exited their vehicle, and ordered defendant out of the Durango. Defendant did not comply, but instead reversed his vehicle in the direction of one of the officers. The officer, who was on foot, was placed in apprehension of receiving a battery and, in response, discharged an unspecified number of rounds from his service weapon which struck the Durango. Defendant accelerated forward, stopped, then exited the vehicle and fled on foot.

¶ 7    The officers gave chase and eventually apprehended defendant, who subsequently admitted he had purchased the vehicle for $50 and that he fled because he did not want to be caught in a stolen vehicle. He stated that he just "wanted to get out of there," and denied having any intention of hitting the officers with the car.

¶ 8    The State further proffered that defendant had seven prior felony convictions, including convictions for: a 2022 escape for which he received 2 years' imprisonment; a 2020 aggravated unlawful use of a weapon for which he received 4 years' imprisonment; a 2019 theft for which he received a sentence of 2 years' imprisonment; a 2017 aggravated fleeing and eluding for which he received a sentence of 1 year's imprisonment; a 2016 possession of a controlled substance for which the record does not indicate his sentence; a 2014 unlawful use of a weapon by a felon for which defendant received a sentence of 5 years' imprisonment; and a 2013 manufacture and delivery of a controlled substance, for which defendant received probation but was resentenced to five years' imprisonment after violating his probation. He also had misdemeanor convictions for criminal trespass to a vehicle and reckless conduct. Finally, defendant had three bond forfeitures in 2021, 2019, and 2013. One of those occurred in November 2021 when defendant was subject to electronic monitoring and did not appear in court until a warrant for his arrest was issued and executed.

¶ 9    Defendant proffered that he was a 31-year-old lifelong resident of Cook County, Illinois, and lived with his girlfriend. Defendant had a tenth grade education and worked part-time as a forklift driver. Defendant also asserted that no foot chase took place after the crash, and that the officers physically pulled defendant from the crashed Durango.

¶ 10    Pretrial Services rated defendant as a 3 on the "New Criminal Activity" scale, a 3 on the "Failure to Appear" scale, and a supervision level of 1.

¶ 11    During argument, the State alleged that defendant "nearly struck," the officer with his vehicle, which defendant did not dispute. Defendant also did not contest at the time that the aggravated assault of a peace officer count qualified as a detainable offense.

¶ 12    The trial court, relying on the State's recitation of facts, defense mitigation, and the Pretrial Assessment, found that the State met its burden of proof to show that the proof was evident or the presumption great that defendant committed the offense of aggravated assault of a peace officer. The trial court based its finding on defendant's attempt to reverse his vehicle toward one of the arresting officers, which put the officer in danger and prompted him to discharge his service weapon into the vehicle.

¶ 13    As to whether defendant poses a threat to the safety of any person or the community, the trial court found the State's burden met. It reasoned that the offense took place during the day with other people in the area, that a vehicle can be a deadly weapon, and that defendant's criminal history includes convictions for aggravated fleeing and eluding and reckless conduct.

¶ 14    Finally, regarding whether any conditions of release could mitigate the threat posed by defendant, the trial court noted defendant's convictions for escape, aggravated fleeing and eluding and that defendant has a history of trying to evade prosecution. Accordingly, the trial court found that the State proved that no conditions could mitigate the threat posed by defendant and granted the State's petition for pretrial detention.

¶ 15    On October 2, 2024, defendant filed a motion for relief pursuant to Supreme Court Rule 604(h) claiming that aggravated assault is not a forcible felony as contemplated by the Code, and

that the State's petition for pretrial detention was premised entirely on defendant's aggravated assault charge. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The motion also argued that the State failed to meet its burden of proof on all elements of pretrial detention.

¶ 16   On October 16, 2024, the trial court denied defendant's motion for relief, and defendant filed a notice of appeal the same day. On December 16, 2024, defendant filed a notice in lieu of a Rule 604(h) memorandum, and on January 3, 2025, the State filed its own memorandum.

¶ 17                                    II. ANALYSIS

¶ 18   Defendant's motion for relief raises two distinct claims. The first is that defendant has not been charged with a detainable offense. The second is that the State failed to otherwise meet its burden of proof to justify defendant's detention. We address these issues in turn.

¶ 19   The Code permits the pretrial detention of those charged with a variety of different offenses. At issue in this case is the section of the Code which permits detention based on the commission of any number of forcible felonies or offenses which fall within a residual clause which states, "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022).

¶ 20   Defendant is charged with the aggravated assault of a peace officer by way of operating a motor vehicle in a way that placed the officer in reasonable apprehension of being struck by the vehicle, which is the offense upon which the State's petition for pretrial detention was predicated. 720 ILCS 5/12-2(b)(4.1) (West 2022). An individual commits this offense when he commits an assault, knows the individual assaulted to be a peace officer performing his or her official duties and the assault is either intended to prevent the performance of the peace officer's official duties or intended as retaliation for the performance of the peace officer's official duties. *Id*.

¶ 21    Aggravated assault of a peace officer is not one of the specifically enumerated offenses in section 110-6.1(a)(1.5) of the Code. 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Thus, the question becomes whether aggravated assault of a peace officer "involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* Because this question involves statutory interpretation, our standard of review is *de novo*. *People v. McIntosh*, 2021 IL App (1st) 171708, ¶ 38.

¶ 22    Defendant points to the plain language of section 110-6.1 of the Code, which states that the State must prove that "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, *and* the defendant is charged with a forcible felony." (emphasis added) 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Thus, defendant argues, the conjunctive in that sentence indicates that the definition of a forcible felony and its residual clause is independent of the specific facts of the case. The State argues that whether a given offense falls within the residual clause is dependent on the specific facts and circumstances of the case. Our review of the cases that have previously been decided by the appellate court persuades us that the State's position is correct.

¶ 23    For example, in *People v. Davis*, the appellate court held that the defendant was not charged with a forcible felony where he was charged with disorderly conduct after telling an employee of the Social Security Administration (SSA) that he was going to blow up her office during an argument on the phone. *People v. Davis*, 2024 IL App (3d) 240244, ¶¶ 1-2, 4. It reasoned that the future offense defendant threatened, blowing up the SSA office, would have been an offense that threatened or inflicted great bodily harm and/or permanent disability. *Id.* ¶ 23. But the offense as charged in the indictment, disorderly conduct, which criminalizes transmitting a false report that a

crime will be committed, does not involve a threat of great bodily harm or permanent disability or disfigurement. *Id*. ¶ 23; see also 720 ILCS 5/26-1(a)(4) (West 2022). In coming to that conclusion, the court reasoned that "the specific facts and details of the charged offense matter when considering whether the defendant's conduct falls within the definition of a forcible felony under section 110-6.1(a)(1.5)." *Id*. ¶ 20.

¶ 24    Likewise, in *People v. Minssen*, the defendant was charged with two counts of aggravated assault based on her attempts to bite an arresting officer. *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 3. The trial court held that the aggravated assault charge was a detainable offense because attempting to bite a police officer "is a threat of infliction of great bodily harm." *Id*. ¶ 9. The State argued that the circumstances of the attempted bite were irrelevant and that attempting to bite someone inherently poses a threat of great bodily harm, permanent disability, or disfigurement, regardless of the specific circumstances. *Id*. ¶ 19.

¶ 25    The appellate court reasoned that "the specific facts and details of the charged offense matter when determining whether a defendant's conduct implicates the residual clause of section 110-6.1(a)(1.5) of the Code." *Id*. ¶ 23. Finding that the State failed to present the trial court with "the basic information that would be needed" to determine whether defendant's conduct fell within the residual clause in section 110-6.1(a)(1.5) of the Code, the appellate court reversed on the basis that the State failed to prove the defendant had committed a detainable offense. *Id*. ¶ 24.

¶ 26    Finally, in *People v. Rodriguez*, the defendant was charged with resisting or obstructing a peace officer causing injury. *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 3. There, the defendant refused to exit his vehicle during a traffic stop and then fled while the officer's arm was still trapped inside the door. *Id*. ¶ 4. Before the officer was able to free himself from the moving

vehicle, he suffered bruising and abrasions to his arm. *Id*. The appellate court held that, while resisting or obstructing a peace officer was not listed as a forcible felony in the Code, the facts of the offense demonstrated that defendant's actions involved a threat of great bodily harm. *Id*. ¶ 10.

¶ 27   In contrast, defendant relies on *People v. Challans*, which is distinguishable. There, the defendant was charged with aggravated assault based on the age/status of the victim. *People v. Challans*, 2024 IL App (5th) 240353, ¶ 3. The State argued that the defendant had committed a detainable offense not because aggravated assault was a forcible felony, but because section 110-6.1(a)(7) of the Code stated that any attempt to inflict harm upon another was detainable, and the defendant could have been charged with attempted domestic battery. *Id*. ¶ 5. The trial court agreed, but the appellate court reversed, holding that a detainable offense under section 110-6.1 of the Code accounted only for what a defendant was charged with, and not potential charges. *Id*. ¶ 12. Thus, in *Challans*, the appellate court had no occasion to consider whether aggravated assault falls within the residual clause of section 110-6.1(a)(1.5) of the Code, or to interpret that residual clause at all.

¶ 28   Accordingly, we agree with the State that whether an offense falls within the residual clause of section 110-6.1(a)(1.5) of the Code depends on the circumstances of the offense. And in this case, the circumstances indicate that the charged offense was one that threatened great bodily harm, permanent disability, or disfigurement. Defendant argues that there are no details about defendant's speed as he reversed or his proximity to the officers, and while we do not disagree with *Minssen*'s holding regarding the need for basic details, the information provided by the State here was sufficient. This incident did not occur on a roadway with ample room to maneuver. The

officers pulled in behind defendant's Durango in an alleyway after he had crashed into a dumpster, which permits the inference that the officers were relatively close to the Durango.

¶ 29 Additionally, the absence of any details about defendant's speed does not persuade us that the aggravated assault here falls outside the residual clause. Defendant reversed an SUV weighing thousands of pounds toward the officer in a manner that was either fast enough or erratic enough that it prompted the officer to discharge his service weapon in an attempt to get defendant to stop. Being struck by a vehicle reversing not only carries with it the risk of being injured by the collision, but also of being knocked down and run over. We conclude that the circumstances of the assault here, perpetrated with a large SUV, threatened great bodily harm, permanent disability, or disfigurement. Accordingly, we hold that the charge of aggravated assault of a peace officer in this case fell within the definition of a forcible felony and therefore qualified as a detainable offense.

¶ 30 Defendant also argues that the State failed to meet its burden of proof on all three elements prescribed by the Code to justify defendant's detention.

¶ 31 The Code establishes that all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). The presumption of release is overcome only if the State can prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2022). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12.

¶ 32    There continues to be substantial debate about the standard of review we should apply to the trial court's detention determination. Some courts have used purely an abuse of discretion standard, while others have employed a purely manifest weight of the evidence standard. Still others have used a bifurcated standard applying the manifest weight of the evidence standard to the first two elements and an abuse of discretion standard to the third element. See *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 14 (collecting cases). For the reasons articulated in *Pitts*, we apply the manifest weight of the evidence standard to this question. *Pitts*, 2024 IL App (1st) 232336, ¶¶ 16-29. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). However, it warrants mention that our resolution of this issue would be the same regardless of which standard of review we applied.

¶ 33    As to the first element, the proof is evident or the presumption is great that defendant committed the offense of aggravated assault of a peace officer. The State's proffer established that defendant reversed his vehicle toward one of the officers in a way that placed the officer in a reasonable apprehension that he would be struck by the vehicle. Defendant's proffer made no attempt to dispute that version of events, and only disputed whether defendant attempted to flee on foot afterwards. The trial court did not err in finding this element proven by clear and convincing evidence.

¶ 34    Regarding whether defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, the State's proffer established that defendant fled from the police and ultimately crashed a stolen vehicle in an alleyway. Defendant also has a criminal history that not only includes reckless conduct and aggravated

fleeing and eluding, but multiple convictions for the unlawful possession of a firearm. The trial court also did not err in finding this element proven by clear and convincing evidence.

¶ 35 Finally, as to whether any conditions or combination of conditions would mitigate the risk posed by defendant, we note first that defendant has an extensive criminal history demonstrating an unwillingness to comply with laws and restrictions placed upon him. Defendant violated the conditions of his probation for one of his convictions that resulted in him being resentenced to five years' imprisonment. He has also repeatedly failed to appear in court as required, resulting in multiple bond forfeitures. One of those occurred when defendant was subject to electronic monitoring and did not appear in court until a warrant for his arrest was issued and executed. The State's evidence on this element was also sufficient. It was not unreasonable or arbitrary for the trial court to conclude that no conditions of pretrial release would mitigate the threat posed by defendant.

¶ 36 Accordingly, the decision to detain defendant pretrial was not unreasonable, arbitrary, or not based on the evidence presented. *Deleon*, 227 Ill. 2d at 332.

¶ 37                                                  III. CONCLUSION

¶ 38 The trial court did not err in granting the State's petition for pretrial detention or denying defendant's motion for relief. For the foregoing reasons, we affirm the judgment of the trial court.

¶ 39 Affirmed.

¶ 40 REYES, J., specially concurring.

¶ 41 Contrary to the majority, I believe that a bifurcated standard of review should apply in this appeal. *E.g.*, *People v. Schulz*, 2024 IL App (1st) 240422, ¶¶ 18-19. I agree, however, that the result is the same under any standard applied, and I otherwise concur in the judgment.