2026 IL App (1st) 252636

No. 1-25-2636B

Opinion filed April 7, 2026

Second Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 11236 |
| | ) | |
| KEVIN BAGBY, | ) | Honorable |
| | ) | Thomas J. Byrne and |
| Defendant-Appellant. | ) | Susana Ortiz, |
| | ) | Judges, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices Ellis and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Kevin Bagby appeals the trial court's orders detaining him, pending a hearing

on the State's petition alleging a violation of probation (VOP) in this retail theft case. Defendant

contends that because the VOP petition is based on a new, nondetainable retail theft charge, the

trial court should have released him pending the VOP hearing, pursuant to section 5-6-4(b) of the

Unified Code of Corrections (730 ILCS 5/5-6-4(b) (West 2024)) and article 110 of the Code of

Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2024)), as amended by Public Act 101-

652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act.[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Pretrial Fairness Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we reverse and remand with directions.

¶ 2                              I. BACKGROUND

¶ 3     In case number 24 CR 11236, the State charged defendant with retail theft (720 ILCS 5/16-25(a)(1) (West 2024)) based on his theft of jewelry from Macy's in downtown Chicago on October 26, 2024. On December 10, 2024, the Honorable Thomas J. Byrne found defendant guilty of retail theft and sentenced him to two years of mental health probation.

¶ 4     On June 6, 2025, the State charged defendant with a second retail theft offense, which initiated case number 251105226.[2] Defendant failed to appear in court on that charge on June 13, 2025, and failed to report to the Adult Probation Department. On July 15, 2025, the State filed a petition for VOP in case number 24 CR 11236, based on defendant's new retail theft case, failure to appear, and failure to report. That day, Judge Byrne issued a bench warrant for defendant. On November 6, 2025, Chicago police arrested defendant pursuant to the warrant. Defendant was detained until November 17, 2025, when Judge Byrne released him on the condition that he "follow-up with the mental health" and undergo drug testing twice a month. Defendant also received pretrial release in case number 251105226 (the second retail theft case).

---

[1]The legislation has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither commonly known name is official, as neither appears in the Illinois Compiled Statutes or the public act.

[2]We draw some facts regarding defendant's second and third retail theft cases from a status report defendant filed at the court's request, as the record on appeal did not reflect the status of those cases.

¶ 5    On November 23, 2025, the State charged defendant with a third retail theft offense, which initiated case number 251117218. On November 24, 2025, the State filed another petition for VOP in case number 24 CR 11236, based solely on this third retail theft charge.

¶ 6    That day, the parties appeared before the Honorable Susana Ortiz. The parties first addressed the VOP petition in case number 24 CR 11236. Defendant argued that he was entitled to release pending a VOP hearing because the new retail theft charge on which the State based that petition was a nondetainable offense under the Pretrial Fairness Act. Judge Ortiz detained defendant overnight, explaining that he would appear before Judge Byrne on the VOP petition the following day.

¶ 7    At the same hearing before Judge Ortiz, the State also filed a petition to revoke pretrial release in case number 251105226 (the second retail theft case), based on the charge in case number 251117218 (the third retail theft case). Judge Ortiz granted the State leave to file the petition to revoke pretrial release and continued it to November 26, 2025, before a different judge in Branch 44. Judge Ortiz ruled that "[b]ased upon [defendant's] scores on the public safety assessment and the fact that he is on probation and [p]retrial release he will be detained in the interim to prevent the commission of any subsequent felonies or Class A misdemeanors."

¶ 8    In case number 251117218 (the third retail theft case), Judge Ortiz granted pretrial release with conditions. Nevertheless, defendant was detained as of November 24, 2025, pending (1) a VOP hearing in case number 24 CR 11236 and (2) the State's petition to revoke pretrial release in case number 251105226 (the second retail theft case).

¶ 9    The next day, November 25, 2025, the parties appeared before Judge Byrne on the VOP petition in case number 24 CR 11236. On defendant's motion, Judge Byrne continued the VOP

hearing to December 15, 2025. Defendant requested that Judge Byrne release him pending the VOP hearing. Judge Byrne denied that request and detained defendant pending the VOP hearing.

¶ 10    Defendant immediately filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). He argued that the State based its November 24, 2025, VOP petition solely on the third retail theft charge in case number 25117218 and that charge was a nondetainable offense under the Pretrial Fairness Act. Defendant contended that he could not "be detained pending a probation violation hearing unless the basis of the probation violation is the commission of a new *detainable* offense" (emphasis in original), citing *People v. Dyer*, 2024 IL App (4th) 231524. On December 11, 2025, Judge Byrne denied defendant's motion for relief and detained him pending the VOP hearing. Defendant immediately filed a notice of appeal.

¶ 11    Meanwhile, the State's petition to revoke pretrial release in case number 251105226 (the second retail theft case) was before the Honorable Robert D. Kuzas in Branch 44. On November 26, 2025, Judge Kuzas revoked defendant's pretrial release. However, on January 7, 2026, the State nol-prossed case number 251105226, so his detention based on revocation of pretrial release in that case ended.

¶ 12    Nevertheless, defendant remains detained pending the VOP hearing in case number 24 CR 11236. According to defendant's status report, the third retail theft case, originally numbered 251117218, was "transferred" on December 31, 2025, and received the new case number 25 CR 14176. Defendant's next court date is April 2, 2026.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, defendant stands on his Rule 604(h)(2) motion for relief. Defendant contends that the trial court could not detain him pending a VOP hearing because the VOP petition was

based on the retail theft charge in what is now case number 25 CR 14176 (the third retail theft case) and retail theft is not a detainable offense under section 110-6.1 of the Pretrial Fairness Act. The State has not filed an Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) memorandum on appeal.

¶ 15    Defendant's argument raises issues of statutory construction, which we review *de novo. People v. Taylor*, 2023 IL 128316, ¶ 45. Our "fundamental objective in addressing issues of statutory construction is to ascertain and give effect to the legislature's intent." *Id.* We also review *de novo* a trial court's order imposing pretrial detention following a hearing at which the parties proceed by proffer, as they did in this case. See *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16    Section 5-6-4 of the Unified Code of Corrections governs VOP. 730 ILCS 5/5-6-4 (West 2024). Section 5-6-4(b) requires the court to conduct a VOP hearing and provides that "[t]he court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the Code of Criminal Procedure of 1963, as amended." *Id.* § 5-6-4(b). Put simply, when the State alleges a VOP based on a new criminal offense, the Pretrial Fairness Act governs whether the court can detain the defendant pending the VOP hearing. *Dyer*, 2024 IL App (4th) 231524, ¶ 21; *People v. Schwedler*, 2025 IL App (1st) 241895-U, ¶ 21; *People v. Wilcoxson*, 2024 IL App (4th) 231373-U, ¶ 27.[3]

¶ 17    Here, the State alleged a VOP in case number 24 CR 11236, based on the November 2025 retail theft charge in what is now case number 25 CR 14176. Therefore, the court could detain

---

[3]We cite unpublished Rule 23 orders issued after January 1, 2021, as persuasive authority. Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025).

defendant pending the VOP hearing only if the new retail theft charge qualified defendant for detention under the Pretrial Fairness Act. See *Dyer*, 2024 IL App (4th) 231524, ¶ 21; *People v. Samuels*, 2024 IL App (3d) 230782, ¶ 14.

¶ 18    The Pretrial Fairness Act provides that a court may impose pretrial detention "only if a person is charged with an offense listed in Section 110-6.1 and after the court has held a hearing under Section 110-6.1." 725 ILCS 5/110-2(a) (West 2024). Section 110-6.1(a) lists the scenarios that qualify a defendant for pretrial detention. *Id.* § 110-6.1(a)(1)-(8). Relevant here, section 110-6.1(a)(1) provides that a trial court may detain a defendant if he is

> "charged with a felony offense other than a forcible felony for which, based on the charge or the defendant's criminal history, a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by law upon conviction, and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case[.]" *Id.* § 110-6.1(a)(1).

In short, section 110-6.1(a)(1) allows a court to detain a defendant who is charged with a nonforcible felony when a sentence of imprisonment is mandatory if the defendant is convicted. *People v. Serrato-Zavala*, 2024 IL App (2d) 240255, ¶ 15.

¶ 19    The first question is whether the offense on which the State's VOP petition is based, retail theft as charged in case number 25 CR 14176, is a nonforcible felony. Retail theft can be either a misdemeanor or a felony, depending on the facts of the case and the defendant's criminal background. 720 ILCS 5/16-25(f)(1)-(3) (West 2024). Here, the case number's inclusion of "CR" indicates that defendant is charged with felony retail theft. Retail theft is not a forcible felony. *Id.*

§ 2-8. So, the charged offense meets the first criterion for detention under section 110-6.1(a)(1) because it is a nonforcible felony.

¶ 20     The next question is whether defendant will be subject to mandatory imprisonment if he is convicted of felony retail theft in case number 25 CR 14176. Retail theft can constitute a Class 2, 3, or 4 felony. See *id.* § 16-25(f)(1)-(3). Sentences for Class 2, 3, and 4 felonies can include imprisonment, but also allow for probation, conditional discharge, or periodic imprisonment. 730 ILCS 5/5-4.5-35, 5-4.5-40, 5-4.5-45 (West 2024). In other words, felony retail theft does not require mandatory imprisonment. It is a probationable felony.

¶ 21     The scenarios that could require mandatory imprisonment for retail theft do not apply in this case. Theft becomes a nonprobationable offense only when it involves "[t]heft of property exceeding $500,000 and not exceeding $1,000,000 in value." *Id.* § 5-5-3(c)(2)(AA). There is no indication that is the case here. Furthermore, even though defendant allegedly committed the third retail theft offense while on probation, that does not make the third retail theft offense nonprobationable because retail theft cannot be a Class 1 felony. See 720 ILCS 5/16-25(f)(1)-(3) (West 2024); 730 ILCS 5/5-5-3(c)(2)(Z) (West 2024). Finally, defendant will not be eligible for Class X sentencing and mandatory imprisonment (see 730 ILCS 5/5-4.5-25 (West 2024)) based on repeated commission of retail theft. The general recidivism sentencing provision that would trigger that scenario applies only to repeated commission of *forcible* felonies (*id.* § 5-4.5-95(b)), which retail theft is not (see 720 ILCS 5/2-8 (West 2024)).

¶ 22     Felony theft, as charged in case number 25 CR 14176, cannot result in a mandatory sentence of imprisonment for which probation, periodic imprisonment, or conditional discharge is statutorily unavailable. Therefore, retail theft, as charged in case number 25 CR 14176, is not a

detainable offense under section 110-6.1(a)(1), and the trial court could not detain defendant, pending a VOP hearing based on that retail theft charge.

¶ 23    "Because defendant here was charged with a probation violation and because the alleged violation was not a detainable offense, defendant was entitled to pretrial release as contemplated in article 110 of the [Pretrial Fairness Act] pending his hearing on the State's" VOP petition. See *People v. Basurto*, 2024 IL App (2d) 230512, ¶ 21. "Thus, the court should have considered what factors would be appropriate to reasonably ensure the appearance of defendant as required or the safety of the community." *Id.* Accordingly, we reverse the trial court's orders imposing pretrial detention pending a VOP hearing and remand for further proceedings. On remand, the trial court shall hold a hearing to determine what conditions, if any, should be imposed as a condition for release pending the VOP hearing. See *id.*

¶ 24                                   III. CONCLUSION

¶ 25    For the foregoing reasons, we reverse the trial court's orders detaining defendant pending a VOP hearing and remand for further proceedings consistent with this opinion. Mandate to issue *instanter*.

¶ 26    Reversed and remanded.

---

***People v. Bagby*, 2026 IL App (1st) 252636**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-CR-11236; the Hon. Thomas J. Byrne and the Hon. Susana Ortiz, Judges, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Kelly Y. Baker, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for the People. |

---